UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT RANDAZZO,

                     Plaintiff,

- v -                                      Civ. No. 9:04-CV-669
                                                               (LEK/RFT)

GLENN S. GOORD, Commissioner, DONALD SELSKY,
Director, Special Housing Unit, and MR. BULLIS,[1] Hearing
Officer,

                     Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

SCOTT RANDAZZO
Plaintiff, *Pro Se*
95-A-1656
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ELIOT SPITZER                          RISA L. VIGLUCCI, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Scott Randazzo brings a civil action pursuant to 42 U.S.C. § 1983, alleging violations of his due process rights pursuant to the Fourteenth Amendment in regards to his Tier III Hearing, supervisory liability, and conspiracy. Dkt. No. 1, Compl. at § 7. Defendants Goord and Selsky bring this Motion for Summary Judgment. Dkt. No. 15. Plaintiff has failed to respond to the

---

[1] Mr. Bullis was not served with the Complaint in this action and has not appeared in any capacity. Dkt. No. 10.

Motion. For the reasons to follow, it is recommended that the Motion for Summary Judgment be **granted** and the Amended Complaint be **dismissed** against Defendant Bullis.

## I. FACTS[2]

On April 13, 2003, while at Upstate Correctional Facility ("Upstate"), Officer Comstock observed Plaintiff utilizing a "drag line" in order to obtain an envelope that was located in front of his cell. Dkt. No. 15, Defs.' 7.1 Statement at ¶ 3; Dkt. No. 15, Risa L. Viglucci Affirm., Ex. A, Inmate Misbehavior Report by Comstock, dated Apr. 13, 2003. Officer Comstock then seized the drag line and envelope. Defs.' 7.1 Statement at ¶ 4; Viglucci Affirm., Ex. A, Inmate Misbehavior Report by Comstock, dated Apr. 13, 2003. Officer Comstock peered into the envelope and noticed some kind of substance therein; thus, he forwarded the envelope to Officer Marsh for testing. Defs.' 7.1 Statement at ¶ 5; Viglucci Affirm., Ex. A, Inmate Misbehavior Report by Comstock, dated Apr. 13, 2003. Officer Marsh had witnessed the events in question involving the envelope. Defs.' 7.1 Statement at ¶ 6; Viglucci Affirm., Ex. A, Inmate Misbehavior Report by Marsh, dated Apr. 13, 2003. Subsequent testing by Officer Marsh indicated a positive result for heroin. Defs.' 7.1 Statement at ¶ 7; Viglucci Affirm., Ex. A, Inmate Misbehavior Report by Marsh, dated Apr. 13, 2003. Plaintiff was issued two misbehavior reports, one by Officer Comstock and the other by Officer Marsh, charging Plaintiff with violations of Rules 113.25, possession of narcotic substance,

---

[2] Plaintiff failed to respond to the Motion for Summary Judgment. Pursuant to the Local Rules for the Northern District of New York ("Local Rules"),
> "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."

N.D.N.Y.L.R. 7.1(b)(3).
Furthermore, since Plaintiff did not file a Statement of Material facts as required by the Local Rules, Defendants' Statement of Material Facts are deemed admitted. N.D.N.Y.L.R. 7.1(a)(3).

113.23, contraband, and 114.10, smuggling. Defs.' 7.1 Statement at ¶ 8; Viglucci Affirm., Ex. A, Inmate Misbehavior Report by Comstock, dated Apr. 13, 2003 & Inmate Misbehavior Report by Marsh, dated Apr. 13, 2003.

On April 25, 2003, a Tier III Hearing was held regarding those charges with Defendant Bullis presiding as Hearing Officer. Defs.' 7.1 Statement at ¶ 1; Viglucci Affirm., Ex. C, Hr'g Tr., dated Apr. 25 and 28, 2003. Plaintiff entered his plea of not guilty but refused to sign the form acknowledging the not guilty plea. Defs.' 7.1 Statement at ¶ 10; Viglucci Affirm., Ex. C, Hr'g Tr. at pp. 5-6. In regards to the envelope, Plaintiff insisted that instead of attempting to bring the envelope into his cell, he was pushing the envelope out into the gallery away from his cell. Defs.' 7.1 Statement at ¶ 12; Viglucci Affirm., Ex. C, Hr'g Tr. at pp. 6-7.

Then, during the Hearing, Plaintiff became disruptive and eventually Hearing Officer Bullis removed Plaintiff from the Hearing and continued the same without Plaintiff. Defs.' 7.1 Statement at ¶ 9; Viglucci Affirm., Ex. C, Hr'g Tr. at pp. 8-14. Plaintiff was disruptive on several occasions when he would speak while Defendant Bullis was talking. Defs.' 7.1 Statement at ¶ 11; Viglucci Affirm., Ex. C, Hr'g Tr. at pp. 8-13. After Plaintiff was removed, the Hearing was adjourned until April 28, 2003. Viglucci Affirm., Ex. C, Hr'g Tr. at p. 14. Upon resuming the Hearing, Defendant Bullis heard testimony from Officers Comstock and Marsh. Defs.' 7.1 Statement at ¶¶ 13 & 14; Viglucci Affirm., Ex. C, Hr'g Tr. at pp. 8-13. When the Officers' testimonies had concluded, Defendant Bullis noted that Plaintiff sought another witness's testimony, that of another inmate. Defs.' 7.1 Statement at ¶ 15; Viglucci Affirm., Ex. C, Hr'g Tr. at p. 18. Defendant Bullis then stated that the inmate did not want to testify and would not sign a form to that effect but Correction Officer Wilson signed a form that he had asked the inmate why he refused to testify or provide any

information. Defs.' 7.1 Statement at ¶¶ 15 & 16; Viglucci Affirm., Exs. C, Hr'g Tr. at p. 18 & A, Witness Refusal Form, dated Apr. 28, 2003. Defendant Bullis, in his final review of the evidence, viewed a videotape of the incident. Defs.' 7.1 Statement at ¶ 16; Viglucci Affirm., Ex. C, Hr'g Tr. at pp. 18-19. After a brief adjournment, Plaintiff was found guilty of all three Rule violations. Defs.' 7.1 Statement at ¶ 17; Viglucci Affirm., Ex. C, Hr'g Tr. at pp. 19-20. Defendant Bullis imposed a penalty of three (3) months in the Special Housing Unit ("SHU"), as well as loss of packages, commissary and phones and a recommendation for loss of good-time credits for the same amount of time. Defs.' 7.1 Statement at ¶ 17; Viglucci Affirm., Ex. C, Hr'g Tr. at p. 20.

Plaintiff appealed the Hearing to Defendant Selsky on April 30, 2003, and supplemented his appeal request on May 15, 2003. Defs.' 7.1 Statement at ¶ 18; Viglucci Affirm., Ex. B, Pl.'s Lts., dated Apr. 30 and May 15, 2003. Defendant Selsky affirmed the disposition of the Hearing on June 6, 2003. Defs.' 7.1 Statement at ¶ 18; Viglucci Affirm., Ex. B, Review of Hearing. Defendant Goord did not handle Plaintiff's request for an appeal as the appeal was sent to the Office of Special Housing where Defendant Selsky affirmed the disposition as noted. Defs.' 7.1 Statement at ¶ 19.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis

of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the moving party. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential*

*Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## B. *Heck v. Humphrey* and *Edwards v. Balisok*

Plaintiff's Hearing disposition included a recommendation for loss of good-time credits, therefore, the Court must examine whether Plaintiff can challenge his Hearing at this time.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that to

> recover damages for an allegedly unconstitutional conviction or imprisonment, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck,* at 486-87.

Thus, a court must consider if a judgment in favor of a plaintiff "would necessarily imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. If there is no implication, then the action should proceed. *Id.* In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Supreme Court extended *Heck* by holding that a prisoner who files a § 1983 action challenging discipline procedures resulting in loss of good-time credits must show that the conviction has been overturned.

Here, Plaintiff challenged the determination of his Tier III Hearing in the Article 78 proceeding. Viglucci Affirm., Ex. D, Article 78 Decision, dated Feb. 18, 2004. Plaintiff's petition was dismissed as it was barred by the four-month statute of limitations. *Id.* at p. 2. Therefore, the Tier III Hearing was neither reversed, expunged, nor declared invalid. Plaintiff does not provide any evidence as well that there was a reversal through a *habeas corpus* petition. Therefore, absent a reversal order, Randazzo's procedural challenges on his Tier III Hearing would necessarily

implicate the invalidity of the sentence through the recommendation for loss of his good-time credits and his due process claims on the Tier III Hearing is barred.[3]

Therefore, it is recommended that the Motion for Summary Judgment be **granted**.

### C. Supervisory Liability

Despite the Court's recommendation above which would apply to all Defendants, the Court will briefly address the challenge of supervisory liability. Plaintiff alleges Defendants Selsky and Goord failed to vacate the determination of Defendant Bullis. Am. Compl. at § 7 at Second Cause of Action. Defendant Goord asserts that Plaintiff has failed to establish his personal involvement in any wrongdoing. Dkt. No. 15, Defs.' Mem. of Law at p. 4.

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). However, if a plaintiff seeks to bring a § 1983 action for supervisory liability, there needs to be a showing of personal involvement by the supervisor. *Hernandez v. Keane*, 341 F.3d at 144. "'Absent some personal involvement by [the supervisory official] in the allegedly unlawful conduct of his subordinates,' he cannot be liable under section 1983." *Id.* at 144-45 (quoting *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987)) (alterations in original). However, liability on the part of the supervisor may exist

---

[3] If there had been no recommendation for loss of good time credits the Second Circuit has held that a prisoner can challenge the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement and instead brings claims related to conditions of confinement. *Jenkins v. Haubert*, 179 F.3d 19, 25-28 (2d Cir. 1999). Of course, Plaintiff would have the additional obstacle of establishing a due process right under *Sandin v. Conner*, 515 U.S. 472 (1995). Since a recommendation for loss of good time credits is at hand, and since we cannot glean from Plaintiff's Complaint that he seeks to raise a conditions of confinement claim under the Eighth Amendment, the issue shall not be addressed.

in one or more of the following ways: 1) actual direct participation in the constitutional violation, 2) failure to remedy a wrong after being informed through a report or appeal, 3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, 4) grossly negligent supervision of subordinates who committed a violation, or 5) failure to act on information indicating that unconstitutional acts were occurring.

*Id.* at 145 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)) (further citations omitted).

In this case, Plaintiff has acknowledged that Defendant Goord had delegated the appeal to Defendant Selsky and had no further involvement. Am. Compl. at § Addendum to the Facts. As Plaintiff has not alleged any personal involvement nor shown how Defendant Goord would be liable in a supervisory capacity, Plaintiff cannot sustain his claim against Defendant Goord.[4]

Therefore, it is recommended that the Motion for Summary Judgment be **granted** as to Plaintiff's claim for liability as to Defendant Goord.

### D. Conspiracy Claim

Plaintiff alleges that Defendants conspired to find him guilty, confine him in SHU, and falsify records that another inmate would not testify at the Hearing. Am. Compl. at § 7 at Third Cause of Action.

42 U.S.C. § 1985(3) states that if two or more people conspire to deprive a person of equal protection of the laws thereby injuring the person, then that party "may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."[5] To recover under this section, a plaintiff must be able to show 1) a conspiracy; 2)

---

[4] Defendant Selsky did not raise this issue on his behalf. Defs.' Mem of Law at pp. 4-5.

[5] 42 U.S.C. § 1985(3) states in pertinent part:

Depriving persons of rights or privileges. If two or more persons . . . conspire, . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, . . .; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the

meant to deprive a person or persons of equal protection of the laws or privileges and immunities under the laws; 3) "an overt act in furtherance of the conspiracy; and 4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (citations omitted).

The conspiracy need not be shown by an "explicit agreement" between the parties, but can be established through "the parties hav[ing] a tacit understanding to carry out the prohibited conduct." *Id.* (internal quotation marks and citations omitted). If the allegations of a conspiracy to deprive a person of his constitutional rights are "conclusory, vague or general," then dismissal is proper. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993)); *see also Webb v. Goord*, 340 F.3d 105, 111 (2d Cir. 2003). In addition, the conspiracy must be "motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Thomas v. Roach*, 165 F.3d at 146 (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)).

In this case, Plaintiff has failed to state a cause of action under § 1985. First of all, Plaintiff's assertions regarding all the Defendants are general and as such warrant dismissal. *See* Am. Compl. at §§ 6 & 7. Despite the general allegations, Plaintiff has not pled that any of the conspiracies he claims occurred were motivated by some racial or class-based discriminatory animus. *See id.*

For the reasons stated above, it is hereby recommended that the Motion for Summary

---

object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Judgment be **granted** on the 42 U.S.C. § 1985 claim.

### E. Non-Service of Defendant Bullis

As noted previously, Defendant Bullis has not been properly served with process in this action. Under FED. R. CIV. P. 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. Specifically, the plaintiff must effectuate service of process within 120 days of the filing of the complaint. FED. R. CIV. P. 4(m).[6] Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, dismissing the case without prejudice as to that defendant. *Id.*

However, in accordance with 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds with an action IFP, a court shall dismiss the case **at any time** "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In this Court's estimation, Randazzo fails to state cognizable claims in his Amended Complaint as to Defendant Bullis.

As to Plaintiff's claim regarding his Tier III Hearing, as stated above, Plaintiff's claim against Defendant Bullis is barred until the determination of the Hearing is reversed or invalidated. *See supra* Part II.B. Therefore, Plaintiff cannot state a due process claim in regards to the Hearing. With regard to the conspiracy claim, once again, as stated previously, Plaintiff cannot state a cause of action as the assertions are general and there is no invidious discriminatory animus claimed. *See supra* Part II.D.

Therefore, the Court recommends **dismissal** of this Defendant pursuant to 28 U.S.C. §

---

[6] Pursuant to the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days. N.D.N.Y.L.R. 4.1(b).

1915(e)(2)(B)(ii).

## III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Motion for Summary Judgment (Dkt. No. 15) be **GRANTED** and the claims against Defendants Goord and Selsky be **DISMISSED**; and it is further

**RECOMMENDED**, that the Amended Complaint be **DISMISSED** as to Defendant Bullis in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) as failing to state any cognizable claim; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  August 21, 2006
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge